MINNIE L. MANN, RESPONDENT, v. JOSEPH JAMES, APPELLANT.

Submitted October 15, 1926—Decided March 23, 1927.

**Landlord and Tenant—Rent—Verdict For Defendant—New Trial Granted by Trial Judge—Defendant Challenged the Judge on Ground That He had "Delivered and Formulated His Opinion on the Matter in Question"—Challenge Overruled—Judgment For Plaintiff Affirmed.**

On appeal from the Second District Court of Morris county.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Richard Fitzherbert* (*Benjamin W. Ellicott*, of counsel).

For the respondent, *Charles A. Rathbun.*

PER CURIAM.

The action in the court below was to recover rents alleged to be due for rented premises. It was first tried before a judge and jury and resulted in a verdict for the defendant. The judge, deeming the verdict unwarranted by the evidence, set it aside and granted a new trial. A day being set for the retrial, appellant's counsel filed a challenge to the judge sitting further in the cause on the ground that he had "delivered and formulated his opinion on the matter in question." This challenge was overruled and the case set for trial on the afternoon of the day previously announced. The defendant's attorney excepted to the overruling of the challenge. In the afternoon the case was called and a *prima facie* case proven by the plaintiff. No defense being interposed, judgment was rendered in favor of the plaintiff.

There is in the case no record of appeal, notice of appeal (except a notation in the record of the court below), or specifications of error; nor does there appear in the state of

the case any exception other than the one above noted. Following the state of the case as certified by the trial court and in the same book under the captions of "Facts" and "Argument and Law," there is printed a recital of some of the facts, and counsel's argument contending that the judge in setting aside the verdict of the jury thereby disqualified himself from sitting in the cause. If the case presented any legal question for review we might well remark that it would indeed be a novel proposition to hold that every time a trial court sets aside a jury's verdict it thereby becomes disqualified from further participation in the cause. As, however, no legal ground for reversal appears, the judgment will be, and it is accordingly, affirmed.